UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANGELO MOORE, | ) | Case No.  5:07 CV 0537 |
| | ) | |
| Petitioner, | ) | Judge James S. Gwin |
| | ) | |
| vs. | ) | O R D E R |
| | ) | (Resolving ECF #17) |
| JULIUS WILSON, WARDEN, | ) | |
| | ) | |
| Respondent, | ) | Magistrate Judge James S. Gallas |
| | ) | |

Petitioner Angelo Moore moves the court to order production of the affidavit of probable cause submitted in support of a search warrant to search Moore's former residence in Akron, Ohio. Respondent contends that Moore's first, second and third grounds for relief raise Fourth Amendment search and seizure issues for which federal review is barred pursuant to *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). While that may be true, this ignores the fact that Moore's fifth and sixth grounds which also pertain to this affidavit were not raised as Fourth Amendment claims, but as grounds based on the Sixth and apparently Fourteenth Amendments. The prohibition against review of claims brought under the Fourth Amendment does not extend to Sixth Amendment claims of ineffective assistance of counsel for failure to challenge evidence obtained in searches and seizures conducted in violation of the Fourth Amendment. See *Kimmelman v. Morrison*, 477 U.S. 365, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986).

On January 31, 2007 Moore filed a *pro se* motion with the state trial court requesting that the search warrant affidavit supporting documents be unsealed (Respondent's Ex. 31). The motion

5:07 CV 0537                                                    2

was opposed and on February 27, 2007 the trial court denied Moore's motion.  (See Ex. 32-34).
Moore unsuccessfully appealed (See Ex. 35-40).

These relatively recent state court proceedings relate to Moore's fourth assignment of error
presented on appeal which was that he was denied effective assistance of counsel because trial
counsel failed to properly seek the unsealing of the affidavit used to obtain the search warrant.  See
*State v. Moore*, 2005 WL 1523878 at *5, 2005 - Ohio - 3304 (Ohio App. 9 Dist.).  Obviously Moore
wishes the affidavit to be produced with anticipation that he can work back from it to establish
deficient performance by trial counsel.

However, federal habeas is "an extraordinary remedy and 'will not be allowed to do service
for an appeal.'"  *Bousley v. U.S.*, 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)
(quoting *Reed v. Farley*, 592 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994)).  For purpose
of federal collateral review, all claims adjudicated on their merits by state courts are governed by
28 U.S.C.  §2254(d)(1) and (2), which extend the permissible range of federal review by state
convictions to whether they were, "contrary to, or involve an unreasonable application of, clearly
established Federal law, as determined by the Supreme Court of the United States[.]"  Accordingly,
this court's review is limited solely to that issue and since the state court decisions have both denied
the request to unseal the affidavit and further found that defense counsel was not ineffective for
failing to seek unsealing of the affidavit, this court's review will be limited to the issue of whether
those decisions complied with clearly established federal law.  Consequently, it is unnecessary to

5:07 CV 0537                                            3

order the production of the unsealed affidavit pursuant to Rule 5 of the Rules Governing §2254

Proceedings.


*Motion denied.*

IT IS SO ORDERED.

_____s/James S. Gallas_____
United States Magistrate Judge

Dated: December 21, 2007