UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANGELO MOORE, | ) | Case No. 5:07 CV 0537 |
| | ) | |
| Petitioner, | ) | Judge James S. Gwin |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| JULIUS C. WILSON, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | Magistrate Judge James S. Gallas |
| | ) | |

Petitioner Angelo Moore was sentenced to serve a term of imprisonment nine years following conviction in the Summit County Court of Common Pleas on drug and weapons related charges. See *State v. Moore*, 2005 WL 10523878, 2005 - Ohio - 3304 (Ohio App. 9 Dist.). Moore pursued his state appeal to the Ohio Supreme Court (107 Ohio St.3d 1444, 837 N.E.2d 1209, 2005 - Ohio - 6124 (2005)) and he has continued to engage in a state litigation for mandamus (twice) and most recently has been unsuccessful in his efforts to unseal the search warrant. (See Respondent's Ex. 31-39).

In the matter at hand Moore has recently moved to expand the record and filed an affidavit of verity (ECF #23 & 25). Moore seeks to add letters from former appellate counsel composed during 2005 in which counsel accuses law enforcement officers of violating other individuals' civil rights and withholding exculpatory evidence. This motion is part of Moore's ongoing challenge of the search and seizure of the evidence which he continues to maintain was illegal.

5:07 CV 0537                                                                                          2

*Analysis of Grounds- Search and Seizure:*

Moore is fervently trying to find a court that will accept his argument that there is a legal basis to overturn the fruits of the search and seizure which led to his convictions. As the state appellate court decision relates, an informant reported that Moore was a drug dealer. Akron police officers observed Moore driving, stopped him and arrested him telling him he was a suspect in a robbery. That was not true. The officers later maintained that Moore was stopped for driving on a suspended driver's license. The officers searched the car and Moore's person uncovering 14 grams of crack cocaine. Moore was arrested and the officers now in possession of his keys conducted a nonconsensual search of Moore's' apartment and another automobile in the apartment parking lot. The officers later obtained a search warrant and now with a state magistrate's authorization returned to Moore's apartment and made additional incriminating discoveries. The affidavit for the search warrant was sealed and remains sealed. The state courts found no illegality.

In his pending petition, Moore raised six grounds. Grounds Four and Six have been withdrawn by Moore.[1] Moore raises the following three grounds relating to the searches and seizures:

> **Ground one:** Conviction was obtained by evidence obtained pursuant to an unconstitutional search and seizure violating the Fourth Amendment to the United States Constitution.
>
> **Supporting Facts:** Evidence was obtained by the arresting officers which violated the Petitioner's right to an unlawful search

---

[1] See marginal order granting withdrawal of Ground Four (ECF #10) and order of 10/26/07 withdrawing Ground Six (ECF #14).

|   |   |
|---|---|
| | and seizure. The search warrant affidavit was presented to the issuing Judge with inconsistent and misrepresented statements obtaining a search warrant with fraud upon the issuing Judge. |
| **Ground two:** | Conviction was obtained by an illegal search, *inter alia,* the affidavit obtaining the search warrant averred fraud and or misrepresented fact to obtain the search warrant. |
| **Supporting Facts:** | False and misleading testimony was averred to the issuing Judge of the search warrant that was sealed by the issuing court without providing counsel representing Petitioner to participate with the sealed record. |
| **Ground three:** | Conviction was obtained by the use of evidence obtained to an unlawful arrest. |
| **Supporting Facts:** | The arresting officer obtained evidence when the officer unlawfully arrested the Petitioner without probable cause. Petitioner did not have a full and fair opportunity to litigate for the exclusion of the evidence in state court because Petitioner did not have an absolute right to examine the sealed search warrant affidavit and the prosecution withheld critical evidence the unlawful seizure in the search warrant. (Corrected for spelling) |

Respondent relies on *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976).

There are "two distinct inquiries" under *Stone* made in connection with Fourth Amendments claims:

> First, the "court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim. Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism."

*Machacek v. Hofbauer,* 213 F.3d 947, 952 (6thCir, 2000), *cert. denied,* 531 U.S. 1089 (2001); *Riley,* 674 F.2d 522, 526 (6th Cir. 1982). Where the State has provided defendant with a full and fair

5:07 CV 0537                                          4

opportunity to litigate a Fourth Amendment claim, there is no basis for federal habeas corpus review. *Machacek*, 213 F.3d at 952. It does not matter that the third ground is premised in terms of illegal arrest as opposed to allegedly unconstitutional search warrant. *Stone v. Powell*'s rationale also was based on the argument that the evidence at trial was a product of illegal seizure, *i.e.* arrest. See also *Cardwell v. Taylor*, 461 U.S. 571, 103 S.Ct. 2015, 76 L.Ed.2d 333 (1983) (custodial statements made following unconstitutional arrest not were obtained in violation of Fourth Amendment). Full and fair opportunity requires both adequate state procedural mechanism for this review and fulfilment of this mechanism, and the Ohio procedural mechanism is adequate in the abstract to review Fourth Amendment claims. *Riley v. Gray*, 674 F.2d at 526. The sole remaining issue is whether the presentation of a challenge to the search and seizure of evidence was frustrated because of a failure in the procedural mechanism. See *Riley v. Gray*, 674 F.2d at 526; *Machacek v. Hofbauer*, 213 F.3d at 952.

Moore complains that the search warrant affidavit remained sealed and was based on "fraudulent" statements by Akron police officers. In effect he is claiming prejudice due to his inability to review the affidavit to challenge the basis for the search. Moore's argument alludes to challenges of the existence of probable cause due to false statements as exemplified in *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). *Franks* gives the defendant the right "to challenge the validity of a search warrant affidavit if the defendant makes a substantial preliminary showing that the affiant 'knowingly and intentionally, or with reckless disregard for the truth' inserted a false statement in the warrant affidavit." *U.S. v. Napier*, 436 F.3d 1133, 1136 (9th

5:07 CV 0537                                              5

Cir. 2006), *cert. denied*, 127 S.Ct. 167 (2006), quoting *Franks*, 438 U.S. at 155-56. However, this right must be balanced against governmental interests in keeping the search warrant affidavit sealed such as "maintaining the integrity of ongoing criminal investigation and insuring the safely of the informant." *Napier*, 436 F.3d 1136. The defendant's interest in obtaining a *Franks* hearing is a less substantial interest because of the "less elaborate and demanding" due process interest in suppression and must bow to governmental interests in secrecy. *Id.* at 1136-37. While the basis for the sealing of the search warrant affidavit in Moore's situation is not revealed in the record before the court, *Napier* nonetheless establishes that there is no unmitigated right to unsealing the search warrant affidavit for uncovering reckless disregard of the truth. Thus the issue remains whether Moore's ability to challenge the search and seizure was frustrated by the sealed affidavit.

Moore was not acting blindly in confronting the state search warrant affidavit. There was an evidentiary hearing on Moore's motion to suppress at which the State and Moore presented evidence. See *Moore*, 2005 WL 15233878, at *1-3. Moore was able to point out self-perceived discrepancies in the evidence such as that the police officers did not know that he was driving on a suspended license before he was stopped and that the LEADS check was made following his arrest. *Id.* at *3. Further the state appellate court noted Moore's own differing account of the events of that evening. *Id.*

5:07 CV 0537                                                                        6

Moore has not made the two required showings for this court to be receptive to his Fourth Amendment challenge to the state court's denial of his motion to suppress. He has not demonstrated that "the state provided no procedure by which the prisoner could raise his Fourth Amendment claim" or that he "was foreclosed from using that procedure because of an unconscionable breakdown in the system." *Willett v. Lockhart,* 37 F.3d 1265, 1273 (8th Cir.1994)*(en banc)*. Further, the relevant question is not "whether full and fair litigation of the claims in fact occurred in the state courts, but only whether the state provided an opportunity for such litigation." *Id*; *Machacek.*, 213 F.3d at 952. Despite the fact the affidavit remained sealed, Moore had full opportunity to challenge the factual accuracy of the officer's claims that lead to his arrest and subsequent searches. As a result, this court on collateral federal habeas corpus review cannot be receptive to Moore's Fourth Amendment arguments because the court lacks authority to alter the state court decision under the restrictions imposed by *Stone v. Powell.*

*Ineffective Assistance of Counsel:*

        **Ground five:**      Denial of effective assistance of counsel.

        **Supporting facts:**   Trial counsel failed to properly seek the unsealing of the affidavit used to obtain the search warrant, thereby, causing plain error to the petitioner.

This issue was presented as a third assignment of error on state appeal in the second proposition of law. See *Moore*, 2005 WL 1523878 at *4-5; Respondent's Ex. 21 (Memorandum in Support of Jurisdiction to Ohio Sup. Ct.). Specifically the state appellate court reasoned:

> {¶ 27} . . . Appellant's theory of ineffective assistance for each of these alleged failures is premised upon his argument that the initial stop of his vehicle was unlawful. Specifically, Appellant argues that, had his counsel offered proof that all of the evidence seized was tainted by the unlawful stop, he would have shifted the burden to Appellee to show that its evidence was untainted, with the likely result that the evidence would have been excluded. Additionally, Appellant argues that, had his counsel argued that the police officers' statements regarding the initial stop were either intentionally false or made with reckless disregard for the truth, the trial court would have likely unsealed the affidavit supporting the warrant to search his apartment.
>
> {¶ 28} Given our conclusion that the initial stop of Appellant's car was lawful, Appellant cannot establish that he was prejudiced by his counsel's alleged deficiencies, and therefore cannot establish the second prong of the Strickland test. Because the initial stop was lawful, any argument that all of the evidence seized following that stop was tainted "fruit of the poisonous tree" is without any merit. The trial court's conclusion that the stop was lawful reflects its determination that the officers' account of that stop was credible, and the record before us has given us no reason to disturb that determination. Appellant's arguments that challenges to the officers' credibility would have likely resulted in the unsealing of the affidavit are therefore without merit.
>
> *State v. Moore*, 2005 WL 1523878, at *5.

To sustain a violation of the constitutionally guaranteed Sixth Amendment right to counsel, Moore must first show that counsel's performance was deficient, so that counsel was not functioning as the "'counsel 'guaranteed the defendant by the Sixth Amendment,'" and secondly Moore "must show that the deficient performance prejudiced the defense;" so that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Williams v. Taylor*, 529 U.S. 362, 390-91, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

The state court decision did refer to an appropriate decisional basis (*Strickland v. Washington*) from the Supreme Court which is sufficient to trigger a presumption that "state courts know and follow the law." *Woodford v. Visciotti*, 537 U.S. 19, 24, 123 S.Ct. 357, 360, 154 L.Ed.2d 279 (2002). "§2254(d) requires that 'state court decisions to be given the benefit of the doubt.'". *Holland v. Jackson*, 542 U.S. 649, 654, 124 S.Ct. 2736, 2739, 159 L.Ed.2d 683 (2004), quoting *Visciotti*, U.S. at 24, S.Ct. at 360. Accordingly, since the state decision acknowledged the correct factors for adjudicating this claim, Moore must show an "unreasonable application" of clearly established Federal law. See *Rompilla v. Beard*, 545 U.S. 374, 380, 125 S.Ct. 2456, 2462, 162 L.Ed.2d 360 (2005); *Williams v. Taylor*, 529 U.S. 362, 413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *Wiggins v. Smith*, 539 U.S. 510, 520-21, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003). The unreasonable application of Supreme Court precedent must, however, be "objectively" unreasonable. *Id.*, 529 U.S. at 409, 120 S.Ct. at 1521; *Wiggins, supra*, at 520-21. When the state court has rendered a decision, the federal reviewing court may not grant the writ in its "independent review of the legal question." *Lockyer v. Andrade*, 538 U.S. 63, 75-76, 123 S.Ct. 1166, 1175, 155 L.Ed.2d 144 (2003). When there has been an "unreasonable application" of clearly established federal law then no deference is due to the state decision and the federal court is free to resolve the claim independently.[2] Consequently, it is not enough to convince a federal habeas court that in its

---

[2] "Under AEDPA, a federal court may grant habeas relief, as relevant, only if the state court's "adjudication of [a] claim on the merits ... resulted in a decision that ... involved an unreasonable application" of the relevant law. When a state court's adjudication of a claim is dependent on an antecedent unreasonable application of federal law, the requirement set forth in § 2254(d)(1) is satisfied. A federal court must then resolve the claim without the deference AEDPA otherwise requires. See *Wiggins v. Smith*, 539 U.S. 510, 534, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003) (performing the analysis required under *Strickland's* second prong without deferring to the state court's decision because the state court's resolution of *Strickland's* first prong involved an unreasonable application of law); *id.*, at 527-529, 123 S.Ct. 2527 (confirming that the state court's ultimate decision to reject the prisoner's ineffective-assistance-of-counsel claim was based on the first prong and not the second). See also *Williams, supra*, at 395-397, 120 S.Ct. 1495; *Early v.*

independent judgment the state court decision was incorrect. Rather, Moore must show that the state decision applied *Strickland* to the facts of the case in an objectively unreasonable manner. See *Bell v. Cone*, 535 U.S. 685, 698-99, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002); *Williams v. Taylor*, 529 U.S. 362, 409, 410, 120 S.Ct. 1495, 1521-22, 146 L.Ed.2d. 389 (2000).

Moore offers nothing in addition to his argument presented in state court and consequently he fails to sustain the claim. The state court decision finding no prejudice as a result of counsel's conduct was not an unreasonable application of clearly established Federal law.

## *CONCLUSION AND RECOMMENDATION*

Following review of the petition and applicable law, petitioner has not demonstrated that his Fourth Amendment challenges of the evidence were reviewable by this court or he is in custody pursuant to judgment of a State court which was the result of a decision that was contrary to or involved the unreasonable application of Federal law as determined by the Supreme Court of the United States or was the result of a decision based on an unreasonable determination of the facts in light of the evidence in the State court proceeding. See 28 U.S.C. §2254(d)(1) and (2). There has been no demonstrated need for an evidentiary hearing. It is recommended that the petitioner's application for habeas corpus be denied.

---

*Packer*, 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) *(per curiam)* (indicating that § 2254 does not preclude relief if either "the reasoning [or] the result of the state-court decision contradicts [our cases]")."

*Panetti v. Quarterman*, -U.S. -, 127 S.Ct. 2842, 2858 -2859 (2007)

5:07 CV 0537                                                    10

                                        _____s/James S. Gallas_____
                                            United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985)


Dated:  April 24, 2008