UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                                :
ANGELO MOORE,                                   :     CASE NO. 5:07-cv-00537
                                                :
       Petitioner,                              :
                                                :
vs.                                             :     OPINION & ORDER
                                                :     [Resolving Doc. No. 30.]
JULIUS WILSON, Warden,                          :
                                                :
       Respondent.                              :
                                                :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On June 5, 2008, Petitioner Angelo Moore ("Moore") filed a motion to stay this case and hold it in abeyance pending a recently initiated state court proceeding. [Doc. 30.] On June 13, 2008, the Respondent, Julius C. Wilson ("Wilson"), opposed this motion. [Doc. 31.] For the reasons stated below, the Court **DENIES** the Petitioner's motion.

On May 6, 2004, the Summit County Court of Common Pleas fined and sentenced Moore to nine years of incarceration for convictions including possession of cocaine, possessing criminal tools, and having weapons while under disability. [Doc. 12-7 at 2.] Following various appeals and proceedings in state court, on February 15, 2007, Petitioner Moore filed a petition seeking a writ of habeas corpus with this Court. With his habeas petition and subsequent amendments to the petition, Moore raises the following grounds for relief challenging his conviction:

> Ground 1: Conviction was obtained by evidence obtained pursuant to an unconstitutional search and seizure violating the Fourth Amendment to the United States Constitution [Doc. 1-1 at 4.] [Doc. 13-2 at 1.]

Ground 2: Conviction was obtained by an illegal search, inter alia, the affiant obtaining the search warrant [averred fraud and/or] misrepresented facts to obtain the search warrant [Doc. 1-1 at 4.] [Doc. 13-2 at 2.]

Ground 3: Conviction was obtained by the use of evidence obtained to an unlawful arrest [Doc. 1-1 at 5.] [Doc. 8 at 2.]

Ground 4: [Withdrawn] [Doc. 9 at 2.] [Doc. 10.]

Ground 5: Denial of effective assistance of counsel [Doc. 8 at 2.] [Doc. 14.]

Ground 6: [Withdrawn] [Doc. 13-2 at 1.] [Doc. 14.]

On April 11, 2007, the Court referred the petition to Magistrate Judge James S. Gallas for a Report and Recommendation. [Doc. 3.] The Respondent then filed his return of writ on October 9, 2007. [Doc. 12-1.] Petitioner Moore replied to the return on January 31, 2008. [Doc. 24.]

On April 24, 2008, Magistrate Judge Gallas recommended that the Court deny Moore's petition for a writ of habeas corpus. [Doc. 26.] The Court subsequently granted the Petitioner's motion for an extension of time to object to the Report and Recommendation by June 8, 2008. [Doc. 29.]

The Petitioner filed the instant motion on June 5, 2008. [Doc. 30.] With this motion, he requests that the Court stay this case and hold the proceeding in abeyance to permit the state court to determine the validity of his sentence under *State v. Simpkins*, 117 Ohio St.3d 420 (Ohio 2008). Petitioner Moore initiated his *Simpkins* state court challenge on or near May 27, 2008. [Doc. 30 at 3.] On June 13, 2008, the Respondent opposed the Petitioner's motion, arguing that there is no basis to stay the case because Moore's habeas claims have all been exhausted. [Doc. 31 at 1-2.] The Respondent also says that unlike the Petitioner's claim in the new state court proceeding, Moore's claims here do not challenge his sentence. *Id.* at 1.

The U.S. Supreme Court has recognized that the "interests of comity and federalism dictate

that state courts must have the first opportunity to decide a petitioner's claims." *Rhines v. Weber,* 544 U.S. 269, 273 (2005) (citing *Rose v. Lundy,* 455 U.S. 509, 518-519 (1982)).  Federal district courts have the "discretion to stay a mixed petition (*i.e.*, one that includes both exhausted and unexhausted claims) to allow a habeas petitioner to present his unexhausted claims to the state court in the first instance, then return to federal court for review of his perfected petition." *Day v. McDonough,* 547 U.S. 198, 210 n.10 (2006) (citing *Rhines,* 544 U.S. at 278-79).  In the context of mixed petitions, the Supreme Court has stated that a district court should grant a stay if:

> [T]he petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Rhines,* 544 U.S. at 278.  However, the Supreme Court also warns:

> Staying a federal habeas petition frustrates AEDPA's [Antiterrorism and Effective Death Penalty Act of 1996] objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. . . .  For these reasons, stay and abeyance should be available only in limited circumstances.

*Rhines,* 544 U.S. at 277.

With AEDPA's interest in finality in mind, the Court will not stay this case pending the outcome of the newly initiated state court proceeding.  Neither the Petitioner nor the Respondent contest that the claims currently before this Court are exhausted.  [Doc. 1-1 at 2, 7, 8.] [Doc. 12-1 at 13, 15.]  Most relevant here, with the instant motion, the Petitioner does not claim that he returns to state court to exhaust a claim currently before this Court.  With his motion recently filed in state court, Moore challenges his sentence under *Simpkins*.  The Petitioner has not raised any related claims in his petition here.  Therefore, this case does not trigger the *Rhines* reasoning to stay the case to permit state exhaustion of unexhausted habeas claims in a mixed petition context.  *See Bowling*

*v. Haeberline*, 246 Fed.Appx. 303, 306 (6th Cir. 2007) ("The fact that he had an independent proceeding pending in state court did not render his federal petition a mixed petition."). *See also Stedman v. Hurley*, 2006 WL 2864319, at *8 (N.D. Ohio 2006) ("Because his petition is not a mixed petition, the court cannot stay the exhausted claims pending the resolution of the unexhausted claim [raised in state court and not in the habeas petition].")  The interests of comity and federalism weigh weaker here because this Court is not in danger of ruling on a claim that is currently before the state court.

Additionally, the Court finds that Petitioner Moore has not argued that he will be harmed in any way by the continuation of the proceedings here, and the Court foresees no such harm.  This Court's decision as to the Report and Recommendation will not affect the Petitioner's efforts in his newly initiated state court proceeding.

For the reasons stated above, this Court **DENIES** the Petitioner's motion to hold this federal habeas proceeding in abeyance until the new state court proceeding has come to resolution.  The Court further orders the Petitioner to file any objections he may have to the Magistrate Judge's Report and Recommendation by July 13, 2008.

IT IS SO ORDERED.

Dated: June 20, 2008            s/       *James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE