UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
:
ANGELO MOORE, : CASE NO. 5:07-CV-0537
:
    Petitioner, :
vs. : OPINION & ORDER
: [Resolving Doc. No. 33]
JULIUS C. WILSON, WARDEN :
:
    Respondent :
:
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    On February 23, 2007, Petitioner Angelo Moore filed a petition for writ of habeas corpus, *pro se*, in this Court pursuant to 28 U.S.C. § 2254. [Doc. 1-1.] The Petitioner seeks relief from a conviction in the Summit County Court of Common Pleas on drugs and weapons related charges. *Id.* For the following reasons, the Court **ADOPTS** in whole Magistrate Judge Gallas' findings of fact and conclusions of law and incorporates them fully herein by reference. The Court thus **DENIES** the Petitioner's habeas petition.

**I. Background**

    Prior to his trial on drug and weapon related charges in the Summit County Court of Common Pleas, Petitioner Angelo Moore filed a motion to suppress based on alleged violations of his Fourth Amendment rights. [Doc. 12-3.] The trial court held an evidentiary hearing and denied the motion to suppress. [Doc. 12-4.] The day before his trial, the Petitioner filed a motion to unseal the affidavit that the police had used to obtain a search warrant for his home. [Doc. 12-5.] In denying his motion to unseal, the trial court stated that it had conducted an *in camera* review of the search warrant

Case No. 5:07-CV-0537
Gwin, J.

affidavit and that no exculpatory information was contained in it.[1] [Doc. 12-44 at 28.] The trial court also noted that the Petitioner had "failed to indicate why it should be unsealed or what inconsistencies there may be." *Id.* The Petitioner was convicted and sentenced to serve a nine year term of imprisonment. [Doc. 12-7.] The Petitioner unsuccessfully pursued his appeal to the Ohio Supreme Court arguing violations of his Fourth Amendment rights.[2] [Docs. 12-18, 12-24.] Following the Ohio Supreme Court's decision, Petitioner Moore unsuccessfully sought two writs of mandamus and most recently he moved again to unseal the search warrant affidavit.[3] [Docs. 12-27, 12-30.] The trial court denied the motion.[4] [Doc. 12-34.]

The Petitioner commenced the instant action on February 23, 2007. [Doc. 1-1.] On April 11, 2007, this Court referred the § 2254 petition to Magistrate Judge James S. Gallas for a Report and Recommendation, pursuant to Local Rule 72.1. [Doc. 3.] The Respondent, Warden Stuart Hudson, filed a return of writ on October 9, 2007. [Docs. 12-1.] On January 31, 2008, the Petitioner filed a traverse and a motion to expand the record to include letters from his attorney. [Docs. 23, 24.] On April 24, 2008, the Magistrate issued a Report and Recommendation that the petition should be denied. [Doc. 26.] Magistrate Gallas denied the Petitioner's motion to expand on April 28, 2008.

---

[1] The *in camera* review of the affidavit and the denial of the motion to unseal took place before the Petitioner's trial and were placed on the record the day of the trial.

[2] In affirming the trial court decision, the court of appeals based its decision on the merits of claims presently before this Court. [Doc. 12-18.] The Ohio Supreme Court declined jurisdiction and dismissed the case based on lack of a constitutional question. [Doc. 24.]

[3] The court of appeals denied a writ of mandamus because the Petitioner failed to meet the mandatory requirements of O.R.C. 2969.25. [Docs. 12-27, 12-30.]

[4] In denying the Petitioner Moore's motion to unseal the search warrant, the Court of Common Pleas did not discuss the merits of the motion. [Doc. 12-34.] The court of appeals dismissed the motion to unseal the search warrant for lack of jurisdiction based on the appeal's failure to affect a substantial right or seek post conviction relief. [Doc. 12-38.]

Case No. 5:07-CV-0537
Gwin, J.

[Doc. 27.] Petitioner Moore filed objections to the Magistrate's Report and Recommendation on July 16 , 2008. [Doc. 33.]

## II. Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), governs the standards of review for state court decisions.  The AEDPA provides that federal courts cannot grant a habeas petition for any claim that the state court adjudicated on the merits unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). *See also Miller v. Francis*, 269 F.3d 609, 614 (6th Cir. 2001).  Under AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e). *See also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

The United States Supreme Court outlined the proper application of § 2254(d) in *Williams v. Taylor*, 529 U.S. 362 (2000). To justify a grant of habeas relief under the "contrary to" clause, "a federal court must find a violation of law clearly established by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision." *Miller*, 269 F.3d at 614 (internal quotations omitted) (quoting *Williams,* 529 U.S. at 412).  Meanwhile, "under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413.  The Sixth Circuit holds that, even if a

-3-

Case No. 5:07-CV-0537
Gwin, J.

federal court could determine that a state court incorrectly applied federal law, the court still could not grant relief unless it also finds that the state court ruling was unreasonable. *Simpson v. Jones,* 238 F.3d 399, 405 (6th Cir. 2000).

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of the Report and Recommendation to which the parties have made an objection. 28 U.S.C. § 636(b)(1). Moreover, the factual findings of a state court are presumed to be correct. A federal court may only diverge from a state court's factual findings if the petitioner shows by clear and convincing evidence that the findings are erroneous. 28 U.S.C. § 2254(e)(1).

### III. Discussion

The Petitioner raises claims on four grounds in this habeas action.[5] [Docs. 1-1, 8, 13-1.] Petitioner Moore's first three grounds for relief challenge his conviction based on an alleged violation of his Fourth Amendment rights. [Doc. 1-1.] The Petitioner has previously raised a Fourth Amendment challenge to the search and seizure that led to this conviction in the state courts. [Doc. 12-18.] The Court considers these grounds together. Petitioner Moore sets forth the following grounds for relief:

| | |
|---|---|
| Ground one: | Conviction was obtained by evidence obtained pursuant to an unconstitutional search and seizure violating the Fourth Amendment to the United States Constitution. |
| Ground two: | Conviction was obtained by an illegal search, *inter alia*, the affidavit obtaining the search warrant averred fraud and or misrepresented fact to obtain the search warrant. |
| Ground Three: | Conviction was obtained by the use of evidence obtained to an unlawful arrest. |

---

[5] The Petitioner initially raised four grounds for relief. He subsequently amended his complaint to include two additional grounds, but later withdrew the fourth and sixth grounds.

Case No. 5:07-CV-0537
Gwin, J.

The Fourth Amendment guarantees a person the right to be free from unreasonable search and seizures. U.S. Const. amend. IV.[6/] The exclusionary rule is a judicially created means of effectuating the rights secured by the Fourth Amendment.[7/] *Stone v. Powell* 428 U.S. 465, 482 (1976). The primary justification for the exclusionary rule is the deterrence of police conduct that violates Fourth Amendment rights by removing the incentive for such actions. *Id.* at 486. The purpose of the rule is to prevent, not repair, constitutional violations. *See id.* "The application of the rule has been restricted to those areas where its remedial objectives are thought most efficaciously served." *United States v. Calandra*, 414 U.S. 338, 348 (1974)).

In *Stone*, the Supreme Court found that the exclusionary rule, applied in an indiscriminate manner, would generate disrespect for the law and administration of justice. *Stone*, 428 U.S. at 491. The Court noted that the burden placed upon the justice system by allowing a habeas petitioner to litigate Fourth Amendment claims that the petitioner had a full and fair opportunity to litigate in the state courts would outweigh any deterrence of Fourth Amendment violations. *See id.* at 493-94. Therefore, the Court concluded that "where the state has provided a full and fair litigation of the Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the

---

[6/] Fourth Amendment rights are enforceable against the states through the Fourteenth Amendment. *Stone*, 428 U.S. at 483 (quoting *Wolf v. Colorado*, 338 U.S. 25, 27-28 (1949) ("[T]he right to be free from arbitrary intrusion by the police that is protected by the Fourth Amendment is 'implicit in the concept of ordered liberty and as such enforceable against the States through the (Fourteenth Amendment) Due Process Clause.'"))

[7/] The justification for the exclusionary rule remains the same whether used to exclude state or federal evidence. *Mapp v. Ohio*, 367 U.S. 643, 655 (1961) ("Since the Fourth Amendment's right of privacy has been declared enforceable against the States though the Due Process Clause of the Fourteenth, it is enforceable against them by the same sanction of exclusion as is used against the Federal Government.").

Case No. 5:07-CV-0537
Gwin, J.

ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."[8/] *Id.* at 494. In providing full and fair litigation, the state courts are not required to do more than take cognizance of the constitutional claim. *See Riley v. Gray*, 674 F.2d 522, 525 (6th Cir. 1982). There are "two distinct inquires" under *Stone* made in connection with Fourth Amendment claims:

> "First, the 'court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim. Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of the mechanism.'"

*Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000) (quoting *Riley*, 674 F.2d at 526).

The Petitioner concedes that the state procedures in his case meet the first *Stone* requirement. [Doc. 23 at 3.] The Petitioner claims, however, that sealing the affidavit supporting the probable cause for the search warrant frustrated the presentation of his claim. *Id.* The Petitioner believes that because he was unable to challenge the veracity of the affidavit, Ohio's mechanism that protects Fourth Amendment rights failed in his case. *Id* at 5.

The Petitioner correctly notes that, although the Warrant Clause of the Fourth Amendment generally guarantees the right to inspect a copy of the affidavit used in obtaining a search warrant, the right is qualified. *See In Re Search Warrants Issued August 29, 1994*, 889 F.Supp. 296, 299 (S.D. Ohio 1995). An affidavit used to obtain a search warrant may be sealed when there is a compelling governmental interest in doing so and no less restrictive means are available. *See In Re Search Warrant for 2934 Anderson Morris Road, Niles, Ohio 44406*, 48 F. Supp. 2d 1082, 1084 (N.D. Ohio 1999). In the Petitioner's state proceedings, the state claimed that it had a compelling interest in the

---

[8/] "Although *Stone* predates the AEDPA, it continues to govern Fourth Amendment habeas claims." *Bressler v. Timmerman - Cooper*, No. 3:06-CV-2683, 2008 WL 313605, at *8 (N.D. Ohio Feb. 4, 2008).

Case No. 5:07-CV-0537
Gwin, J.

safety of the state's informant. [Doc. 12-33.] This Court has held that the safety of a governmental informant is a compelling interest that may require the sealing of the affidavit supporting a search warrant. *See In Re Search Warrant for 2934 Anderson Morris Road, Niles, Ohio 44406*, 48 F. Supp. 2d at 1084. Therefore, the sealing of the affidavit does not in and of itself show a failure of the mechanism by which the Petitioner could protect his rights. Instead, the Petitioner must show that his claim was frustrated by a defect in the process by which he was able to challenge the sealed affidavit.

The Petitioner is unable to carry his burden of showing a defect in the process to challenge the sealing of the affidavit. The Petitioner incorrectly analogizes his situation to that before the court in *Riley v. Grey*, 674 F.2d 522 (6th Cir. 1982). In *Riley*, the state appellate court's failure to apply Supreme Court precedent resulted in the petitioner lacking standing to litigate a Fourth Amendment claim. *Id*. at 527. The issue of standing had not been previously briefed or argued because of the petitioner's reasonable reliance upon Supreme Court case law. *Id*. at 526-27. Consequently, the unforeseeable actions of the state appellate court precluded the petitioner from a consideration of the merits of the claim. *Id*. at 527.

Unlike the petitioner in *Riley*, Petitioner Moore cannot provide evidence of unforeseeable application of Supreme Court precedent. The Petitioner made a motion to unseal the affidavit and argued that motion before the trial court. [Docs. 4, 12-44 at 28, 24 at 4.] Additionally, the Petitioner had the opportunity to litigate and argue the issue of the sealed affidavit at the suppression hearing held by the trial court. In failing to litigate the issue at the suppression hearing, a Petitioner does not suggest any reliance on existing case law. Furthermore, *Stone* does not require that the petitioner actually litigate a claim, but rather the petitioner have the opportunity to litigate a claim. *Stone*, 465

Case No. 5:07-CV-0537
Gwin, J.

U.S. at 489. Therefore, the Court finds that the sealing of the affidavit was not an "unanticipated and unforeseeable application of a procedural rule which prevent[ed] state court consideration of the merits of the claim." *Riley*, 674 F.2d at 527.

Respecting comity and federalism, the Court will not conduct an *in camera* review of the search warrant affidavit. The Petitioner incorrectly believes that the only way to determine whether the seizure of his vehicle was lawful is to examine the affidavit. [Doc. 33 at 3.] The Sixth Circuit has held that the reasonableness of a search under the Fourth Amendment depends on "whether the totality of the circumstances justifies a particular sort of search or seizure."[9/] *U.S. v. Keszthelyi*, 308 F.3d 557, 571-72 (6th Cir. 2002) (citing *Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985)). The state court performed an *in camera* review of the affidavit and determined that no violation of the Petitioner's Fourth Amendment rights occurred.[10/] [Doc. 12-44 at 28.] The state court satisfied Petitioner's desire to have an impartial examination of the affidavit.

Despite the Petitioner's objections, he was given a full and fair opportunity to challenge the factual accuracy of the officer's claims that lead to his arrest and subsequent searches. The Petitioner could have presented evidence that the officers lacked probable cause without examining the affidavit. The trial court was aware of the statements made in the sealed affidavit. If the Petitioner had presented evidence that satisfied the requirements for a *Franks* hearing, the trial court could have held

---

[9/] In determining the reasonableness of a search under the Fourth Amendment, the Court "must balance the nature and quality of the intrusion on the individual's Fourth amendment interests against the importance of the governmental interests alleged to justify the intrusion." *See Tennessee v. Garner*, 471 U.S. 1, 8 (1985).

[10/] The state court denied the motion to unseal based on the Petitioner's failure to "indicate why it should be unsealed and what inconsistencies there may be." [Doc. 12-44 at 28.]

-8-

Case No. 5:07-CV-0537
Gwin, J.

a hearing.[11/] The Petitioner fails to show that he presented such evidence. Therefore, the Court finds that there was no failure of the state's procedural mechanism that would support federal review of the affidavit.

Aside from the sealed affidavit, the Petitioner makes the general claim that the police lacked probable cause to pull him over and to search his premises. [Doc. 1-1 at 4-5.] The Court has found that the Petitioner has not met the burden required by *Stone*. Consequently, the Court does not address the merits of the admission of the underlying evidence. See *Stone*, 428 U.S. at 494.

The Petitioner asks the Court to admit letters written by his former attorney alleging improprieties of the police department.[12/] [Docs. 23.] The Petitioner claims that these letters are indispensable under *Conner v. Wingo*, 409 F.2d 21. The Court is not persuaded by this argument. The language from *Conner* used to support the Petitioner's proposition has never been cited to support the expansion of the record in a Fourth Amendment case.[13/] Furthermore, the Court does not find attorney-client letters alleging suspected improprieties "indispensable to determining whether the habeas applicant received a full and fair state-court evidentiary hearing resulting in reliable findings." *See id.* at 22.

---

[11/] "Where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit." *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978).

[12/] The Petitioner claims that the Magistrate failed to rule on the motion to expand the record to include the letters from his former attorney. [Doc. 33 at 1-2.] The Magistrate denied the Petitioner's motion to expand the record on April 28, 2008. [Doc. 27.]

[13/] To the extent that the Petitioner intended to argue that *Conner* supports the unsealing of the affidavit or an *in camera* review of the same by this Court, the Court is influenced by the lack of authority citing the *Conner* language in support of the proposition that a federal court could second guess a state court evidentiary decision in the context of an alleged Fourth Amendment violation. Therefore, the Court finds that *Conner* requires neither the unsealing of the affidavit nor an *in camera* review by the district court.

Case No. 5:07-CV-0537
Gwin, J.

Petitioner has forfeited his ineffective assistance of counsel claim by failing to object to the magistrate's recommendation regarding that claim. See *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Absent objection, a district court may adopt the magistrate's report without review. *Thomas*, 474 U.S. at 149.

### IV. Conclusion

For the reasons stated above, the Court **ADOPTS** in whole Magistrate Judge Gallas' findings of fact and conclusions of law and incorporates them fully herein by reference. The Court **DENIES** Petitioner's application for habeas corpus. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could be taken in good faith, and the Court hereby issues a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. 22(b) as to all three grounds for relief.

IT IS SO ORDERED.

Dated: August 18, 2008  　　　　　　　　　　*s/　　James S. Gwin*
　　　　　　　　　　　　　　　　　　　　　　JAMES S. GWIN
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE